```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

DISH NETWORK, L.L.C., ET AL.,

    Plaintiffs,

v.                           Case No. 8:14-cv-2199-T-33MAP

LAWRENCE IRVING,

    Defendant.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiffs Dish Network, L.L.C, Echostar Technologies, L.L.C., and Nagrastar LLC's Motion for Default Judgment (Doc. # 21), filed on November 7, 2014. In its memorandum of law, "DISH Network requests that the Court grant default judgment against Defendant on Count III of the complaint alleging violation of the ECPS, and award DISH Network statutory damages of $10,000 and a permanent injunction." (Doc. # 21-1 at 14). Provided that relief is granted, DISH Network agrees to dismiss Counts I and II with prejudice so that a final judgment may be entered in this case. (Id.). For the reasons that follow, the Court grants the Motion.

**I.**    **Background**

On September 4, 2014, Plaintiffs filed this action against Defendant Lawrence Irving alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq., the Federal Communications Act, 47 U.S.C. § 605 et seq., and the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2511 et seq. (Doc. # 1). Lawrence Irving failed to timely appear and respond in this action. As a result, Plaintiffs applied for Clerk's entry of default against Irving on October 7, 2014. (Doc. # 16). On October 8, 2014, the Clerk entered default against Irving. (Doc. # 18). Thereafter, on November 7, 2014, Plaintiffs filed the present Motion and Memorandum in Support of Default Judgment as Count III of the Complaint which alleges violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a) and 2520. (Doc. # 21).

**II. Legal Standard**

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil

Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. Discussion

Plaintiffs initiated this action alleging several violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq., the Federal Communications Act, 47 U.S.C. § 605 et seq., and the Electronic Communications Privacy Act, 18 U.S.C. § 2511 et seq. (ECPA). (See Doc. # 1). The present analysis is limited to the alleged violations of the ECPA or Wiretap Act, 18 U.S.C. § 2511(1)(a) and § 2520. (See Doc. # 21). The Wiretap Act creates the following civil remedy:

> [A]ny person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any

3

>   wire, oral, or electronic communication ... shall
>   be punished ... or shall be subject to suit. . . .

18 U.S.C. § 2511(1)(a).

For the foregoing reasons, the Court adopts Plaintiffs' proposed findings as follows:

>   (1)   DISH NETWORK L.L.C. is a multi-channel video provider that delivers video, audio, and data services to approximately 14 million customers throughout the United States, Puerto Rico, and the U.S. Virgin Islands via a direct broadcast satellite system. (Doc. # 1 at ¶ 9).
>
>   (2)   DISH NETWORK contracts for and purchases the distribution rights for most of the programming broadcast on the Dish Network platform from providers such as network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights. (Id. at ¶ 11).
>
>   (3)   The works broadcast by Dish Network are copyrighted. Dish Network has the authority of the copyright holders to protect the works from unauthorized reception and viewing. (Id. at ¶ 12).
>
>   (4)   Dish Network programming is digitized, compressed, and scrambled prior to being transmitted to multiple satellites located in geo-synchronous orbit above Earth. The satellites relay the encrypted signal back to Earth where it can be received by Dish Network subscribers that have the necessary equipment. (Id. at ¶ 13).
>
>   (5)   Echostar technologies L.L.C. provides receivers, dish antenna, and other digital equipment for the Dish Network System. Smart card and other proprietary security technologies that form a conditional access

>    system are supplied by NagraStar LLC. The
>    Echostar Technologies receiver processes an
>    incoming Dish Network satellite signal by
>    locating an encrypted part of the transmission
>    known as the NagraStar entitlement control
>    message and forwards it to the smart card.
>    Provided the subscriber is tuned to a channel
>    he is authorized to watch, the smart car used
>    its decryption keys to unlock the message,
>    uncovering a NagraStar control word which is
>    then transmitted back to the receiver to
>    decrypt the Dish Network satellite signal.
>    (Id. at ¶¶ 15-17).
>
> (6) NFPS is a subscription-based internet key
>     service (IKS), whereby members purchase a
>     subscription to the IKS service to obtain the
>     control words that are used to circumvent the
>     Dish Network security system and receive Dish
>     Network's satellite broadcasts of television
>     programming without authorization. (Id. at ¶
>     25).
>
> (7) Irving violated the Electronic Communications
>     Privacy Act (ECPA), 18 U.S.C. §§ 2511(1)(a)
>     and 2520, by utilizing NFPS to decrypt Dish
>     Network's satellite signal and view Dish
>     Network programming without having to purchase
>     a subscription. (Id. at ¶ 27).

In the Complaint, Plaintiffs assert sufficient facts to show a plausible claim for relief. Therefore, Irving is liable to the Plaintiffs under 18 U.S.C. § 2511(1)(a) for which the Court may award damages under § 2520(c)(2).

**IV. Damages**

Plaintiffs seek statutory damages, which are $10,000. (Doc. # 21-1). A hearing is not required as long as the court ensures that there is a basis for the damages awarded. See

Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)). With respect to scrambled or encrypted electronic communications, the ECPA authorizes an award of damages in the greater of (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000. 18 U.S.C. § 2520(c)(2). Below is the current version of § 2520(c) in full:

> (1) In an action under this section, if the conduct in violation of this chapter is the private viewing of a private satellite video communication that is not scrambled or encrypted or if the communication is a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not scrambled or encrypted and the conduct is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain, then the court shall assess damages as follows:
>
> (A) If the person who engaged in that conduct has not previously been enjoined under section 2511(5) and has not been found liable in a prior civil action under this section, the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $50 and not more than $500.
>
> (B) If, on one prior occasion, the person who engaged in that conduct has been enjoined under

> section 2511(5) or has been found liable in a civil action under this section, the court shall assess the greater of the sum of actual damages suffered by the plaintiff, or statutory damages of not less than $100 and not more than $1000.
>
> (2) In any other action under this section, the court may assess as damages whichever is the greater of—
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c). DIRECTV, Inc. v. Brown, 371 F.3d 814, 816-17 (11th Cir. 2004).

Here, there is a basis for the $10,000 statutory damages Plaintiffs seek. Plaintiffs allege that Irving engaged in piracy violating the ECPA by purchasing multiple subscriptions to the NFPS service and used that service to intercept Dish Network programming. (Doc. # 21-1 at 6). Furthermore, Plaintiffs suffered significant harm as a result of Irving intercepting the Dish Network Programming. (Id. at 7). "Piracy jeopardizes Dish Network's security system and requires costly security updates, damages the reputations and goodwill of [Plaintiffs], which are vital to their businesses, and leads to lost programming revenues and lost profits that are customarily gained from the sale of

7

subscription packages and equipment to authorized Dish Network subscribers." (Id. at 8). Plaintiffs suffer additional financial loss from the expense of pursuing this case because it consumes the time of its employees and requires outside investigators and counsel. (Id.). Plaintiffs contend that "[a]warding damages will serve the legitimate purpose of compensating Dish Network for its loss, and in addition will act as a deterrent for Defendants and others to not engage in the unauthorized reception of Dish Network programming." (Id. at 9).

In this case, the Court finds that the statutory amount of $10,000.00 is appropriate. Congress wrote § 2520(c)(2) to give discretion to the Court in determining whether to award damages, but the plain language of the statute does not, authorize the Court to grant any amount other than the damages permitted by the statute. DISH Network L.L.C. v. DelVecchio, 831 F. Supp. 2d 595, 601 (W.D.N.Y. 2011). For the reasons articulated above, this Court finds an award of $10,000.00 in statutory damages to be reasonable.

**V.   Permanent Injunction**

The Court finds that Plaintiffs' request for a permanent injunction is appropriate. (See Doc. # 26-1). The ECPA authorizes courts to grant appropriate relief including

8

preliminary and other equitable or declaratory relief as may be appropriate. 18 U.S.C. § 2520(b)(2). The criteria for the issuance of a permanent injunction requires a plaintiff demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

The Court finds that based on Irving's conduct, Plaintiffs have suffered irreparable injury based on the piracy of their service. In addition, the damages provided for above, while significant, are inadequate to prevent future piracy without injunctive relief. The only hardship to Irving from this injunction would be to prevent him from engaging in further illegal activity, so the balance weighs in Plaintiffs' favor. The public interest is not disserved by an injunction as it will protect copyrights and help enforce federal law. The Court finds the criteria for a permanent injunction have been met and therefore orders Irving be permanently enjoined from:

>  (1) circumventing or assisting others in circumventing Dish Network's Security System, or otherwise intercepting or assisting others in intercepting Dish Network's satellite signal, and
>
>  (2) testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from Dish Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the Dish Network security System.

(Doc. # 21-1 at 14). See DISH Network L.L.C. v. DelVecchio, 831 F. Supp. 2d 595, 601-02 (W.D.N.Y. 2011).

Based upon the Clerk's entry of default, the well-pled factual allegations in the Complaint, and the Motion itself, the Court determines that Plaintiffs' allegations support a finding that Lawrence Irving violated 15 U.S.C. § 2511(1)(a). As such, Plaintiffs' Motion is due to be granted and a hearing on this matter is not needed. Upon due consideration, the Court finds the statutory damages and injunctive relief sought in this case to be reasonable.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Default Judgment (Doc. # 21) is **GRANTED** as provided herein.

(2) Plaintiffs' request for permanent injunction against Defendant is **GRANTED** as outlined above.

(3) The Clerk is directed to enter judgment on Count III in favor of Plaintiffs against Defendant Lawrence Irving in the amount of **$10,000.00**, which is statutory damages.

(4) The Clerk is directed to dismiss Counts I and II with prejudice.

(5) The Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of November, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel and parties of record